IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD D. POLLEY and
LINDA RADFORD,

      Plaintiffs

vs.                                                                                                                 No. 11 CV 00861 MCA/RHS

XUREX, INC. /F/K/A/
XUREX NANO-COATINGS CORP.,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      This case comes before the Court upon Defendant XUREX, Inc.'s Motion for Summary Judgement. [Doc. 34] The Court has considered the parties' written submissions, the record in this case, and the applicable law, and is otherwise fully advised.

**Summary Judgment Standards**

      Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim . . . on which summary judgment is sought. . . .The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  As our Court of Appeals has succinctly stated, "[a] fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Adamson v. Multi Community Diversified Serv., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). "The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment." *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). "It is

not [the court's] province at the summary judgment stage to weigh the evidence or to make credibility determinations." *Sanders v. Southwestern Bell Telephone, L.P.*, 544 F.3d 1101, 1105-06 (10th Cir. 2008). "[T]he movant for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Thomas v. Avis Rent a Car*, 408 Fed. Appx. 145, 151 (10th Cir. 2011) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998)). It is only after this initial burden is satisfied that the burden of responding shifts to the non-movant. *Id.* "[T]he non-movant is not required to rebut an insufficient showing." *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003).

**Background**

Xurex Nano-Coatings Corporation ("XNC") was incorporated in Florida on March 3, 2005. Plaintiff Richard Polley and Bo Gimvang were the co-founders of XNC. Polley was CEO of XNC until he left XNC in February 2008; he was president of XNC from 2005 until November 2007. XNC was in the business of developing and selling protective coatings derived from technology developed by Gimvang.

In January 2008, attorney Curt P. Creely wrote Polley, enclosing a proposed Separation Agreement by which XNC sought to terminate Polley's relationship with XNC. At the time, Polley claimed ownership of shares amounting to 33.6% of XNC's outstanding stock. Negotiations between Creely and Polley led to a February 22, 2008 Agreement by which Polley resigned as an officer and director of XNC and relinquished his claimed 33.6% interest in XNC in exchange for $3 million. Pursuant to the Agreement, XNC was to pay the $3 million as follows: an initial payment of $200,000, followed by quarterly installments of $70,000. The

Agreement also required XNC to execute a $2.8 million promissory note payable to Polley as holder.  The promissory note was signed on behalf of XNC by Robert Bishop, XNC's president

Meanwhile, with approval and direction of various insiders of XNC, Xurex, Inc. ("Xurex") was incorporated in Delaware in January 2008. On April 16, 2008, the board of XNC approved a reorganization plan whereby all shareholders were offered the opportunity to exchange their shares in XNC for shares of Xurex.  The reorganization plan contemplated that XNC's business would thereafter be conducted primarily through Xurex. Upon consummation of the reorganization in July 2008, Xurex owned 100% of the shares of XNC.  Xurex thereafter characterized XNC as Xurex's wholly-owned subsidiary.  Gimvang and Gim-Pol owned the majority of outstanding shares of Xurex.  Bishop owned and controlled Gim-Pol. Bishop was the president and chairman of the board of XNC, and the CEO of Xurex.  Xurex engaged in the "development, manufacturing, marketing, and sale of proprietary penetrating coatings and powder compositions."

Subsequent to the formation of Xurex, Xurex has maintained separate accounts for itself and XNC.  Xurex has licensed intellectual property belonging to XNC. XNC was administratively dissolved by the State of Florida in September, 2010, but was reinstated as an active Florida Corporation on April 26, 2011.  Xurex has held itself out as the successor to XNC, bringing suit as if it were the same entity as XNC. [Doc. 39-1, ¶ 6 (representing that Xurex is the party to a contract executed by XNC)]  In July and October 2008, and January, April, and July 2009, Xurex made the payments required by the February 22, 2008 Agreement between XNC and Polley.  Neither XNC nor Xurex have made further payments.

**Discussion**

Florida courts follow the "traditional corporate law rule" by which a successor corporation is not *automatically* subject to the liabilities of a predecessor corporation." *Amjad Munim, M.D., P.A. v. Azar*, 648 So.2d 145, 151 (Fla. 4th Dist. App. 1995) (internal quotation marks omitted; emphasis added).  Although liability does not follow automatically, a successor may be liable for the debts of its predecessor where: (1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid the liabilities of the predecessor." *Id.*

In its motion and supporting brief Xurex made three arguments against liability:  (1) it is not the maker of the promissory note under the law of negotiable instruments; (2) it is not liable for the obligations of its subsidiary, XNC; and (3) Xurex did not assume liability by making several payments on the promissory note. What is notably missing from Xurex's motion is any effort to address the last three well-established grounds for successor liability. Considering that Xurex's supporting brief cited *Infante v. Bank of America Corporation*, 680 F. Supp. 2d 1298, 1305 (S.D. Fla. 2010), a case that sets out the four established grounds for successor liability, Xurex cannot claim that it was unaware of these alternate grounds when it filed its motion for summary judgment.  By failing to address these well-established alternate grounds for imposing successor liability, Xurex failed to carry its initial burden of demonstrating a *prima facie* case of entitlement to judgment as a matter of law on Plaintiffs' claim, and, therefore, its motion for summary judgment will be denied. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) ("If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has

made.").

**IT IS THEREFORE HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. 34] is **denied**, **without prejudice**.

**So ordered this 30th day of March, 2013.**

_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE