## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICHARD D. POLLEY and
LINDA RADFORD,

      Plaintiffs

vs.                                         No. 11 CV 00861 MCA/RHS

XUREX, INC. /F/K/A/
XUREX NANO-COATINGS CORP.,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This case is before the Court on Plaintiffs' Motion for Summary Judgment [Doc. 49].

**Redesignation**

Rule 8(c)(1) of the Federal Rules of Civil Procedure governs the pleading of affirmative defenses. Duress and failure of consideration are among the affirmative defenses that must be affirmatively pleaded.  Rule 8(c)(2) provides that "[i]f a party mistakenly designates a defense as a counterclaim. . . the court must, if justice requires, treat the pleading as though it were correctly designated . . . ."   In the Court's view,  rather than asserting claims for relief, Counts I and II of Defendant's Counterclaim collectively assert the affirmative defenses lack of authority, failure of consideration and duress.  Counts III and IV, however, do assert an affirmative claim for relief. Pursuant to Rule 8(c)(2), the Court will redesignate Counts I and II as affirmative defenses.

**Summary Judgment Standards**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense. . . on which summary judgment is sought. . . .The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  As our Court of Appeals has succinctly stated, "[a] fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Adamson v. Multi Community Diversified Serv., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). "The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment." *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). "It is not [the court's] province at the summary judgment stage to weigh the evidence or to make credibility determinations." *Sanders v. Southwestern Bell Telephone, L.P.*, 544 F.3d 1101, 1105-06 (10th Cir. 2008). "[T]he movant for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Thomas v. Avis Rent a Car*, 408 Fed. Appx. 145, 151 (10th Cir. 2011) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998)). It is only after this initial burden is satisfied that the burden of responding shifts to the non-movant. *Id.*  "[T]he non-movant is not required to rebut an insufficient showing." *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003).

In this district, the requirements of Rule 56 are supplemented by D.N.M. LR-Civ. 7 and 56.1.  LR-Civ. 7.3 provides, *inter alia*,  that "a motion . . . must cite authority in support of the legal positions advanced."  LR-Civ. 56.1 provides, *inter alia*, that "[t]he moving party must file

with the motion a written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon . . . ."

**Discussion**

Plaintiffs' Memorandum contains citations to precisely three authorities:  Restatement (Second) Contracts § 72 (1981) [Doc. 50 at 15]; *C.Q. Farms, Inc. v. Cargill Inc.*, 363 So. 2d 379, 382 (Fla. Dist. Ct. App. 1978) [*Id.* at 16]; and *Garcia v. Guerra*, 738 So. 2d 459, 461 (Fla. Dist. Ct. App. 1999) [*Id.* at 18].  Given the relative complexity of the issues presented by Plaintiffs' Motion, Plaintiffs' Memorandum, through its limited analysis and scant legal authority, is not adequate to satisfy Plaintiffs' initial  burden as summary judgment movants.  The Court finds that Plaintiffs have failed to carry their initial burden of demonstrating a *prima facie* case of entitlement to judgment as a matter of law on Defendant's Counterclaim, and, therefore, their motion for summary judgment will be denied.  *Fitzpatrick v. City of Atlanta*,  2 F.3d 1112, 1116 (11th Cir. 1993) ("If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made.").

**IT IS THEREFORE HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. 49] is **denied**, **without prejudice.**

So ordered this 30th day of March, 2013.

_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE